UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
SUSAN J. RUSSO,

                  Plaintiff,

    -against-

UNITED STATES OF AMERICA and
MICHAEL WESOLOWSKI,

                Defendants.
-------------------------------------X



CV 06 6109 SF

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 15 2006 ★
BROOKLYN OFFICE

WEINSTEIN, J.

LEVY, M.J.

PLAINTIFF DEMANDS A
TRIAL BY JURY

VERIFIED COMPLAINT

    Plaintiff, SUSAN J. RUSSO, above named, complaining of the defendant by and through her attorneys, PETROCELLI & CHRISTY, ESQS., respectfully shows to this Court and alleges as follows:

### AS A FIRST CAUSE OF ACTION

    1.   At all times hereinafter mentioned, plaintiff, SUSAN J. RUSSO, was and still is a resident of the County of New York, City and State of New York.

    2.   At all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, is duly formed and existing under by virtue of the laws of the United States of America.

    3.   That the plaintiff has complied with all conditions precedent to the bringing of this action, and in particular, had on or about February 21, 2006, served and filed a Notice of Claim against the United States Postal Service with the Chief Counsel of the National Tort Center, U.S. Postal Service, a copy

of which is annexed hereto and incorporated herein as Exhibit "A".

4. That more than one hundred and eighty (180) days had elapsed since presentation of said Notice of Claim and that this matter remains unadjusted and said defendant has fully failed, neglected and refused to make any adjustments. A copy of the denial letter of the United States Postal Service is attached hereto as Exhibit "B".

5. That on and prior to September 16, 2005, East 24th Street between Third Avenue and Lexington Avenue, City and State of New York, was and still is a public highway or thoroughfare.

6. That on and prior to September 16, 2005, defendant, MICHAEL WESOLOWSKI, was an employee of defendant, United States of America and/or the U.S. Postal Service.

7. That on or about September 16, 2005, defendant, MICHAEL WESOLOWSKI, was the lawful permissive operator of a U.S. Postal Service motor vehicle bearing identification number 6510402.

8. That on or about September 16, 2005, defendant, UNITED STATES OF AMERICA, was the owner of said U.S. Postal Service motor vehicle, bearing identification number 6510402.

9. That on or about September 16, 2005, defendant, MICHAEL WESOLOWSKI, was operating the aforesaid U.S. Postal

2

Service motor vehicle with the knowledge, permission and consent of defendant, UNITED STATES OF AMERICA.

10. That on or about September 16, 2005, defendant, MICHAEL WESOLOWSKI was operating the aforesaid U.S. Postal Service motor vehicle during the course of employment with defendant, UNITED STATES OF AMERICA.

11. That on September 16, 2005, plaintiff, SUSAN J. RUSSO, was a lawful pedestrian upon and in the area of East 24th Street between Third Avenue and Lexington Avenue, City and State of New York, when plaintiff was violently and forcefully struck by the aforesaid U.S. Postal Service motor vehicle, which was being operated by its employee, defendant MICHAEL WESOLOWSKI.

12. The aforesaid accident and resulting injuries were caused by the negligence, recklessness and carelessness of the defendants UNITED STATES OF AMERICA and MICHAEL WESOLOWSKI, in the ownership, operation, maintenance, management and control of the aforesaid motor vehicle; and, in the negligent hiring, training and supervision by defendant, UNITED STATES OF AMERICA, of defendant, MICHAEL WESOLOWSKI, without any negligence on the part of the plaintiff herein.

13. That on September 16, 2005, defendant, MICHAEL WESOLOWSKI, violated various rules and regulations, promulgated by UNITED STATES OF AMERICA and/or the U.S. Postal Service

3

relative to the operation, management and control of a U.S. Postal Service motor vehicle.

14. That on September 16, 2005, defendant, MICHAEL WESOLOWSKI, violated various provisions of the New York State Vehicle and Traffic Law.

15. That as a direct and proximate result of the aforesaid negligence, recklessness and carelessness of defendants MICHAEL WESOLOWKSI and the UNITED STATES OF AMERICA, plaintiff, SUSAN J. RUSSO, has suffered serious and severe injuries; and, economic loss greater than basic economic losses as defined in §5102 and §5104 of the Insurance Law of the State of New York.

16. That as a direct and proximate result of the negligence, carelessness and recklessness of defendants, the UNITED STATES OF AMERICA and MICHAEL WESOLOWSKI, plaintiff, Susan J. Russo, was caused to become sick, sore, lame, and disabled, and has been caused to sustain permanent, severe and grievous injuries to and about her body and has been caused to expend sums of monies on medical care and treatment, and will continue, in the future to suffer and spend money on medical care and treatment.

17. The limited liability provisions of CPLR §1601 do not apply pursuant to one or more of the exceptions of the CPLR §1602.

4

18. That this action is commenced pursuant to the provisions of the Federal Tort Claims Act.

19. The by reason of the foregoing, plaintiff, SUSAN R. RUSSO, was damaged in the sum of Five Million ($5,000,000.00) Dollars together with costs and disbursements of this action.

WHEREFORE, plaintiff, SUSAN J. RUSSO, demands judgment against the defendants in the First Cause of Action in the sum of Five Million ($5,000,000.00) Dollars, together with interest, costs and disbursements herein.

Dated: 'New York, New York
        November 7, 2006

Yours, etc.,

MICHAEL D. ZENNER (2760)
**PETROCELLI & CHRISTY, ESQS.**
Attorneys for Plaintiff
SUSAN J. RUSSO
217 Broadway, Suite 505
New York, New York 10007-2918
(212) 571-7000
File No. 5334 PI

5

| STATE OF NEW YORK | ) | | |
|---|---|---|---|
| | ) | SS: | **ATTORNEY'S VERIFICATION** |
| COUNTY OF NEW YORK | ) | | |

    **MICHAEL D. ZENTNER**, being duly sworn, deposes and says:

    That he is an attorney and associated with the firm of PETROCELLI & CHRISTY, ESQS., attorneys for the plaintiff, **SUSAN J. RUSSO**, in the within action; that he has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, he believes to be true.

    Deponent further states that the reason why this Verification is made by your deponent and not by said party is that the said party is not within the County where your deponent has his offices.

    That the source of deponent's information and the grounds for his belief are reports of investigations and records in the file.

                               _____

                                 MICHAEL D. ZENTNER

Sworn to before me this
14th day of NOVEMBER, 2006

_____

ROSANNE COMORA
Notary Public, State of New York
No. 01CO5078143
Qualified in Richmond County
Commission Expires May 19, 2007

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent ~2/16/06

Postmark Here

Sent To *Chief Counsel, National Tort Ctr C US Postal Svc*
Street, Apt. No.; or PO Box No. *P.O. Box 66640*
City, State, ZIP+4 *St. Louis, MO 63166-6640*

PS Form 3800, June 2002 — See Reverse for Instructions

7004 2890 0004 8575 2009

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Chief Counsel,*
*National Tort Center,*
*U.S. Postal Service,*
*P.O. Box 66640,*
*St. Louis, MO 63166-6640*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery 2006

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7004 2890 0004 8575 2009

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| UNITED STATES POSTAL SERVICE | See attached. |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 5/3/46 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Friday, 9/16/05 | 7. TIME *(A.M. OR P.M)* Appx. 11:00 AM |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

Not applicable

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See attached.

11. **WITNESSES**

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| Unknown | |

| 12. *(See instructions on reverse)* | **AMOUNT OF CLAIM** *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| Not applicable | $5,000,000.00 | Not applicable | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* Petrocelli & Christy on behalf of Susan Russo | 13b. Phone number of signatory 212-571-7000 | 14. DATE OF CLAIM 11/22/05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| UNITED STATES POSTAL SERVICE | See attached. |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 5/3/46 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Friday, 9/16/05 | 7. TIME *(A.M. OR P.M.)* Appx.11:00 AM |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)*

See attached.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE DAMAGE MAY BE INSPECTED. *(See instructions on reverse side)*

Not applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See attached.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| Unknown | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| Not applicable | $5,000,000.00 | Not applicable | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* Petrocelli & Christy on behalf of Susan Russo | 13b. Phone number of signatory 212-571-7000 | 14. DATE OF CLAIM 11/22/05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☐ No |
|---|
| No |

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| No | Not applicable |

| 18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*) |
|---|
| Not applicable |

| 19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No |
|---|
| No |

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

---

In the Matter of the Claim of

SUSAN RUSSO

v.

UNITED STATES POSTAL SERVICE

---

**TO:** UNITED STATES POSTAL SERVICE
Madison Square Station
149 East 23rd Street
New York, New York 10010

2. **Name, Address of Claimant and Claimant's Personal Representative, if any.**

   Susan Russo, P.O. Box 1761, Madison Square  Station, New York, New York 10159.

   Claimant's representative:  Petrocelli & Christy, Esqs., 217 Broadway, Suite 505, New York, New York 10007.

8. **Basis of Claim:**

   Personal injury; Susan Russo, a pedestrian, was recklessly, carelessly, and/or negligently struck by a United States Postal Service truck (#6510402) on Friday, September 16, 2005 at or about East 24th Street between Second and Third Avenue, New York, New York.

10. **State Nature and Extent of Each Injury Or Cause of Death, Which Forms The Basis of The Claim.  If Other Than Claimant, State Name Of Injured Person Or Decedent.**

    As a result of the accident, Susan Russo was caused to sustain serious and severe personal injuries that are permanent in nature.  More particularly, Susan Russo was caused to sustain an articular cartilage defect of the lateral femoral condyle of the right knee subsequently requiring arthroscopy of the right knee with chondroplasty of the lateral femoral condyle, and resection of the superomedial plica, together with other severe personal injuries yet to be determined.

    Attached hereto is a copy of the operative report setting  forth Susan Russo's injuries including, but not limited to, her right lower extremity.

Dated:   December 5, 2005


PETER BASIL N. CHRISTY, ESQ. (5189)
Petrocelli & Christy, Esqs.
Attorneys for Claimant(s)
217 Broadway, Suite 505
New York, New York 10007
(212) 571-7000
File #: 5334 PI

# ST. VINCENT'S HOSPITAL

## AND MEDICAL CENTER OF NEW YORK

## OPERATIVE REPORT

DATE: 10/26/2005

CHART NO: 1275141

NAME: RUSSO, DR. SUSAN

SURGEON: RONALD M. SELBY, M.D.

ASSISTANTS:

PROCEDURE PERFORMED:
ARTHROSCOPY OF THE RIGHT KNEE WITH CHONDROPLASTY OF THE LATERAL FEMORAL CONDYLE (29877), AND RESECTION OF SUPEROMEDIAL PLICA (29875-51).

PREOPERATIVE DIAGNOSIS:
ARTICULAR CARTILAGE DEFECT OF THE LATERAL FEMORAL CONDYLE (717.9) OF THE RIGHT KNEE.

POSTOPERATIVE DIAGNOSIS:
ARTICULAR CARTILAGE DEFECT OF THE LATERAL FEMORAL CONDYLE (717.9) OF THE RIGHT KNEE. SUPEROMEDIAL PLICA (727.89). CHONDROMALACIA PATELLA GRADE 1 (717.7).

ANESTHESIA:
SPINAL EPIDURAL.

**DATE:** 10/26/2005

**CHART NO.** 1275141

**NAME:** RUSSO, DR. SUSAN

**PAGE:** 2

**INDICATIONS:**

**PROCEDURE:**
The patient was placed on the operating room table, first in the seated position. After the smooth induction of spinal epidural anesthesia, she was repositioned to the supine position. The right lower extremity was then scrubbed and prepped, draped freely utilizing a stockinette and pneumatic tourniquet in the usual fashion.

Anatomic landmarks were drawn including the superior and inferior poles of the patella, medial and lateral poles of the patella and patella tendon, medial and lateral joint lines and prospective portal sites, including the superolateral and medial and lateral peripatellar portals.

Preemptive local anesthetic cocktail consisting of 1% lidocaine with epinephrine and 0.25% Marcaine was then injected into the prospective portal sites and intra-articularly. Elevation and Esmarch exsanguination was then utilized prior to insufflation of the pneumatic tourniquet to 325 mmHg for 29 minutes for the duration of the case.

A #11 blade was used to open the superolateral and the lateral parapatellar portals. An outflow trocar was placed in the superolateral portal and the arthroscope introduced in the lateral parapatellar portal. The knee was then examined in systematic fashion, beginning with the superopatellar pouch. A robust superomedial plica was noted. This was resected. The medial and lateral gutters were otherwise unremarkable. Chondromalacia patella grade 1 was observed.

The medial compartment was next examined. The patient was placed in near full extension with valgus stress to open the medial compartment. Mild evidence of wear was noted on the medial femoral condyle and very slightly in the posterior aspect of the medial tibial plateau. The meniscus appeared unremarkable. A spinal needle was used for localization prior to

**DATE:** 10/26/2005

**CHART NO.** 1275141

**NAME:** RUSSO, DR. SUSAN

**PAGE:** 3

opening the medial parapatellar portal with an 11 blade along Langer's lines. After dilating this with a blunt trocar, a probe was placed and this further helped evaluate the medial compartment and the medial meniscus.

The intercondylar notch was inspected. A robust and intact posterolateral, as well as anterior medial bundle, of the anterior cruciate ligament was noted. The posterior cruciate ligament was visualized and appeared unremarkable.

The lateral compartment was next examined in a figure-of-four position. Posterior horn, midbody, and anterior horn of the meniscus appeared intact, as did the tibial plateau. The region of the lateral femoral condyle showed evidence of cracking and some softening. A 4.5 Elite motorized shaver was used to remove synovium around this region for a better view.

Slight softness was noted around the crack, but the articular surface in general looked fairly good. A 4.5 Whisker blade motorized shaver was then used to perform a chondroplasty of the loose edges around this crack, maintaining the surface largely intact.

The knee was then irrigated with copious amounts of normal saline solution and hemostasis assured and closure commenced. Each portal was closed with a single simple inverted #3-0 undyed Vicryl suture. The remainder of the preemptive local was injected intra-articularly at the termination of the case.

Sterile dressings were applied consisting of Xeroform, 4 x 4s, combined soft roll and compression dressings.

The patient tolerated the procedure well with minimal estimated blood loss and was returned to the recovery room in satisfactory condition.

cc: Fax copy to Dr. Selby at 212-255-7102

**DICTATED BY:**

**DATE:** 10/26/2005

**CHART NO.** 1275141

**NAME:** RUSSO, DR. SUSAN

**PAGE:** 4

RONALD M. SELBY, M.D.

J: 610133     D: 10/26/2005     T: 10/28/2005    PMC/ks

For office use:

NYC OCA 3099533 NOV 22 05

RECEIVED

NOV 2 5 2005

PETROCELLI & CHRISTY

# RETAINER STATEMENT

TO: OFFICE OF COURT ADMINISTRATION
Retainer and Closing Statements
25 Beaver Street, 8th Floor
New York, New York 10004

1. Date of agreement as to retainer.
   October 11, 2005

2. Terms of compensation.
   Thirty-three and one-third percent (33 1/3%) of the sum recovered;
   whether by suit, settlement, judgmetn or otherwise.

3. Name and home address of client. Ms. Susan Russo
   P.O. Box 1761, Madison Square Station, New York, NY 10159

4. *If engaged by an attorney, name and office address of retaining attorney

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence
   Date of Occurrence:  September 16, 2005:
   Place of Occurrence:  24th Street between Third and Lexington Avenues, New York, NY

6. If a condemnation or change of grade proceeding:
   (a) Title and description

   N/A

   (b) Date proceeding was commenced
   (c) Number or other designation of the parcels affected

7. Name, address, occupation and relationship of person referring the client
   Mr. James Allocca who is a personal friend of the firm who
   resides at 6600 Boulevard East, West New York, NJ.

Dated:  NEW YORK  NY,  November 8,  20 05

**- NOTE -**

Court Rules require that the attorney
for the plaintiff file a stipulation
or statement of discontinuance with the court
upon discontinuance of an action.

Yours, etc.

PETER BASIL  Signature of Attorney
N. CHRISTY, ) ESQ.
PETROCELLI & CHRISTY, ESQS.
217 Broadway, Suite 505, New York, NY 1000
Office and P.O. Address

Print
or
Type

1st  Dist. 1st  Dept. New York  County

* Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Fold as indicated to fit window envelope.


**UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO. 70051820000753676399**
**RETURN RECEIPT REQUESTED**

October 3, 2006

**RECEIVED**

**OCT 06** 2006

**PETROCELLI & CHRISTY**

Mr. Michael D. Zentner
Attorney at Law
217 Broadway, Suite 505
New York, NY 10007

RE:    Your Client:    Susan Russo
       Date of Incident:    September 16, 2005

Dear Mr. Zentner:

This is in reference to the administrative claim of the above-referenced claimant filed under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about September 16, 2005.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of any employee acting in the scope of his employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

In reviewing all of the submissions regarding your client's alleged damages, we feel that this claim involves issues best resolved in court. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal

P.O. Box 66640
St. Louis, MO 63166-6640
TEL: 314/872-5120
FAX: 314/872-5193

official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Nothing in this letter should be construed to limit or waive any defenses which may be available to the United States should litigation ensue.

Sincerely,

Kimberly A. Herbst
Tort Claims Examiner/Adjudicator

cc:     John Zerbarini
        Tort Claims Coordinator
        File No. 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A